```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES LABORERS LOCAL UNION NO.
1298 of NASSAU and SUFFOLK COUNTIES,
BENEFITS FUNDS,
```

        Plaintiff(s),      **REPORT AND RECOMMENDATION**

   -against-             CV09-3810 (JS) (WDW)

A TO E, INC.,

        Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

  Before the court on referral from District Judge Seybert is the motion for default judgment and damages by plaintiffs, Trustees Laborers Local Union No. 1298 of Nassau and Suffolk Counties, Benefits Funds ("Trustees" or "Funds"). DE[3]. For the reasons set forth herein, I recommend that a default judgment be entered and that the plaintiffs be awarded unpaid contributions for the period of May through December 2009 in the amount of $68,363; 10% per annum interest on that amount; liquidated damages in the amount of $13,672.60; and attorneys fees and costs in the amount of $2,740. I further recommend that injunctive relief not be awarded.

               **BACKGROUND**

  This case was filed on September 2, 2009 pursuant to Section 1145 of ERISA, 20 U.S.C. §§1132 and 1145. The defendant, A to E, is in the business of road construction, and, pursuant to a CBA with the plaintiff Union covering the time period June 1, 2007 through May 31, 2012, is required to submit weekly remittance reports and contributions to the Funds on behalf of covered employees. *See* DE[10], Damiano Aff, Ex. A, ¶2. The Funds seek payment of unpaid contributions up to the date of filing, plus interest, liquidated damages, attorneys fees and costs;

damages for additional contributions or delinquency charges that became due during the course of the lawsuit; and a permanent injunction enjoining A to E from violating the terms of the current or any future Collective Bargaining Agreements ("CBA") and Declarations of Trust. *See* Complaint, DE[1].

Despite service on the defendant, no answer was filed and no attorney appeared. On November 12, 2009, the plaintiffs made a motion for default judgment, which was referred to me on December 9, 2009. The plaintiffs were ordered to submit additional papers in support of the motion, and did so on January 26, 2010. DE[10-14]. The defendant has not opposed the motion, despite having been served.

## DISCUSSION

### Default Judgment

Based on the facts set forth in the Complaint and the Affidavit of Frank Damiano, I recommend that a default judgment be entered. Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, A to E is an unresponsive party, and the plaintiffs are entitled to entry of a default judgment.

### Default Damages

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also

"effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted the affidavit of Frank Damiano, the Fund Manager of the plaintiff Funds and exhibits in support of the claims, including a copy of the CBA and other documents. I find that a hearing on the issue of damages is not necessary here.

The defendant is a party to and bound by a collective bargaining agreements with Local 1298. *See* Damiano Aff., DE[10]. The Funds seek the payment of delinquent fees, plus interest, liquidated damages, costs and attorneys' fees, available under ERISA and the CBA. 29 U.S.C. §1132(g)(2) provides that when a judgment in favor of a plan is entered pursuant to section 1145, the court shall award the plan: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate.

Delinquent Contributions

The plaintiffs claim that at the time this lawsuit was commenced on September 2, 2009, the defendant had failed to pay contributions for the months of February 1, 2009 through August 31, 2009 in the principal amount of $57,676.80. *See* Damiano Aff., ¶5. The plaintiffs further allege that, as of the date of Mr. Damiano's Affidavit, January 25, 2010, the defendant had failed to pay contributions for the months of May 1, 2009 through December 31, 2009 in the amount of $68,363. *Id.*, Ex. C. The court must assume that some payment was made for February to April, 2009, because on this motion, as opposed to the claim set forth in the Complaint, the plaintiff only seeks unpaid contributions for the months of May through December 2009, in the amount of $68,363. *Id.*, Exs. C & D. The plaintiffs are entitled to that amount and I recommend its award.

Interest

In addition to delinquent contributions, the plaintiffs are entitled to interest on the unpaid contributions pursuant to 29 U.S.C.§1132(g)(2)(B). The CBA provides for interest at the rate of 10% per year, and Mr. Damiano calculates that interest to be $6,836.30. Damiano Aff., Ex. D. That figure, however, represents 10% of the amount of contributions owed, not interest calculated at the rate of 10% per annum, the amount the plaintiffs are entitled to. Thus, I recommend that the plaintiffs be awarded interest on $68,363 at the rate of 10% per year, to be recalculated by Mr. Damiano.

Liquidated Damages

ERISA allows an award of liquidated damages on delinquent and estimated contributions at a rate equal to the greater of the amount of interest owing or 20% of the unpaid amounts. The CBA here provides for liquidated damages in the amount of 10% of the total delinquency. The

plaintiffs, in their Revised Statement of Damages, state that they are seeking "Liquidated Damages calculated at 20% of Benefit Contribution," but list that figure as $6,836.30, which represents not 20% but 10%. Inasmuch as ERISA allows for liquidated damages in the amount of 20% (see 29 U.S.C. §1132(g)(2)), I recommend that the plaintiffs be awarded $13,672.60 in liquidated damages.

Attorneys Fees and Costs

The plaintiffs also seek $2300 in attorneys fees, and have submitted the Affirmation of Danielle M. Carney, Esq., in support of that award. DE[11]. Under ERISA, a plaintiff is entitled to recover reasonable attorneys fees and costs. 29 U.S.C. §1132(g)(2)(D). Traditionally, courts considering fee awards have used the lodestar approach: "[i]n determining a fee award, the typical starting point is the so-called lodestar amount, that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *J.S. Nichol, Inc., v. Peking Handicraft, Inc.* 2008 WL 4613752, * 2 (S.D.N.Y. Oct. 17, 2008)(internal quotation marks and citations omitted). The use of the "lodestar" metaphor is, however, now disfavored. In 2008, the Second Circuit noted that "the 'lodestar' is no longer a lodestar in the true sense of the word - 'a star that leads,'" and found that the lodestar's "value as a metaphor has deteriorated to the point of unhelpfulness." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 189-90 (2d Cir. 2008)(internal citations omitted). Now, when assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.*

Whatever terminology is employed, the methodology of determining reasonable attorney's fees is much the same. To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. *Id.* Reasonable hourly rates in attorney fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[1] *See Arbor Hill*, 522 F.3d at 186-87, 190. Those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits," here, the Eastern District of New York. *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).

The plaintiffs here seek an award based on a $200 per hour rate for the associate attorney who worked on this matter for 11.5 hours. *See* Carney Aff., DE[11]. The plaintiffs have not provided evidence of prevailing market rates in the Eastern District, but recent ERISA default cases have found rates ranging generally from $280 to $200 to be reasonable, depending upon years of experience and whether the attorney is a partner, a senior associate or a junior associate. *See, e.g., Trustees of the Road Carriers Local 707 Welfare Fund v. Goldberg,* 2009 WL 3497493, *10 (E.D.N.Y. Oct. 28, 2009) (awarding senior associate with eight years of experience rate of $250)(citing cases); *La Barbera v. Federal Metal & Glass Corp.,* 2009 WL 3461880, *10

---

[1]The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 522 F.3d at 186, n.3 (citing *Johnson,* 488 F.2d at 717-19).

(E.D.N.Y. Oct. 27, 2009)(awarding senior associate with 10 years experience rate of $280)(citing cases); *Finkel v. Rico Electric, Inc.,* 2009 WL 3367057, *7 (E.D.N.Y. Oct. 16, 2009)(awarding partners with 20 to 30 years of experience in labor law rates of $225 to $250, and rates of $235, $225 and $200 for associates with eight, five, three and two years of experience); *Jacobson v. Peterbilt Electric Contracting, Inc.,* 553 F. Supp. 2d 211, 216-17 (E.D.N.Y. 2008)(awarding rate of $250 per hour for partners with nine and fourteen years of experience, and $235 for senior associate)(citing cases); *King v. STL Consulting, LLC,* 2006 WL 3335115, *7 (E.D.N.Y. Oct. 3, 2006)(rate of $275 per hour for partner with more than thirty years experience and associates at rates of $150 and $100)(citing cases).

I find both the hourly rate and the number of hours expended to be reasonable in light of these cases, and recommend the award of $2300 in attorneys fees. The plaintiffs also seek $440 in costs, consisting of a $350 filing fee and $90 process server fee, and I further recommend the award of those amounts, for a total award of $2,740 in fees and costs.

Injunctive Relief

In the Complaint, the plaintiffs seek a permanent injunction enjoining A to E from "violating the terms of this or successive C.B.A. and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting an[d] paying of all fringe benefit contributions in a timely fashion." DE[1], ¶¶29-33 & Wherefore Clause. On their motion for default judgment, however, they provide no legal argument or evidence for the award of such relief and I do not recommend it. The "Second Circuit has cautioned that injunctive relief does not follow automatically upon a finding of statutory violations," and courts have denied such relief in other ERISA cases. *See Gesualdi v. BD Haulers, Inc.,* 2009 WL 5172859, at *6

(E.D.N.Y. Dec. 22, 2009) (citing *LaBarbera v. Andrew's Trucking Corp.,* 2007 WL 4224631, at *5 (E.D.N.Y Nov. 27, 2007). A court may issue an injunction on a motion for a default judgment when the moving party shows that "'(1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction.'" *LaBarbera v. Hardin Contracting, Inc.,* 2010 WL 148084, at *4 (E.D.N.Y. Jan 13, 2010)(quoting *LaBarbera v. Les Sub-Surface Plumbing, Inc.* 2008 WL 906695, at *10 (E.D.N.Y. Apr. 3, 2008)). But a party seeking an injunction must demonstrate irreparable harm and the absence of an adequate remedy at law, and the plaintiffs here have not done so. *See Hardin,* 2010 WL 148084 at *4; *see also King v. STL Consulting, LLC,* 2006 Wl 3335115, at *9 (E.D.N.Y. Oct. 3, 2006)(denying preliminary injunction where plaintiffs failed to establish likelihood of continued ERISA violations and failed to establish that a money judgment was an adequate remedy).

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to fax a copy of it if possible, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997);

*Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 24, 2010

    /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge