```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES LABORERS LOCAL UNION NO. 1298
of NASSAU and SUFFOLK COUNTIES, BENEFITS
FUNDS,
                    Plaintiffs,           MEMORANDUM & ORDER
                                          09-CV-3810 (JS)(WDW)
        -against-

A TO E, INC.,

                    Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiffs:    Danielle Marlene Carney, Esq.
                   Barnes, Iaccarino, LLP
                   3 Surrey Lane
                   Hempstead, NY 11550

For Defendant:     No appearances
```

SEYBERT, District Judge:

On September 2, 2009, Plaintiffs commenced this action. Defendant failed to answer Plaintiffs' Complaint or otherwise appear in this litigation. So, on November 12, 2009, Plaintiffs moved for entry of a default judgment. The next day, the Clerk of the Court certified that Defendant had failed to answer or otherwise respond to the Complaint. On December 9, 2009, the Court referred Plaintiffs' default judgment motion to Magistrate Judge William D. Wall for his Report and Recommendation ("R&R") concerning whether a default judgment should be entered and what, if any, damages should be awarded. After considering Plaintiffs' papers, Magistrate Judge Wall then issued, on March 24, 2010, an R&R recommending that a default

judgment be entered and that Plaintiffs be awarded certain specified damages, but not injunctive relief. Defendant did not file any objections to Judge Wall's R&R.

The Court has reviewed Judge Wall's R&R and, upon careful consideration, ADOPTS IT IN PART, CLARIFIES IT IN PART AND OVERRULES IT IN PART. Specifically, Judge Wall's R&R is adopted except as discussed below:

I. Interest

The Court adopts Judge Wall's ruling with respect to interest. But it wishes to clarify one minor ambiguity in that ruling.

Judge Wall recommended that Plaintiffs "be awarded interest on $68,363 at the rate of 10% per year [on the unpaid contributions], to be recalculated by Mr. Damiano."[1] Judge Wall did not specify, however, whether he recommended simple interest or compound interest. After reviewing the underlying Collective Bargaining Agreement ("CBA") and applicable New York contract law principles, the Court has decided that simple interest is appropriate. The CBA provides for annual "interest" at a 10%

---

[1] In his Affidavit supporting the default judgment motion, Mr. Damiano assumed that 10% annual interest meant 10% of the amount owed. It does not. It means that Plaintiffs are entitled to a 10% annual rate, stemming from the date of each missed payment. Thus, for example, Plaintiffs are presently owed slightly less than 10% in interest on May 2009's unpaid contribution, because it has been slightly less than a year since Defendant failed to make that payment.

contractual rate. Damiano Aff. Ex. B. And because the CBA does not specify whether it means simple interest or compound interest, New York law presumes that it awards only simple interest. See In re Basix Corp., 96-CV-2478, 1996 WL 517667, *6 (S.D.N.Y. 1996); 72 N.Y. Jur. 2d Interest and Usury § 12.

II. Liquidated Damages

In their default judgment papers, Plaintiffs sought liquidated damages in the amount $6,836.30, which is 10% of the unpaid contributions. This is consistent with the CBA's liquidated damages provision, which provides for "liquidated damages in the amount of ten percent (10%) of the total delinquency." Damiano Aff. Ex. B. Judge Wall, however, awarded 20% "[i]nasmuch as ERISA allows for liquidated damages in the amount of 20%." R&R at 5 (citing 29 U.S.C. § 1132(g)(2)). This was clear error. ERISA permits "liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. § 1132(g)(2). It does not require liquidated damages in the amount of 20%. Here, the liquidated damages "provided for under the plan" are 10% of the unpaid contributions. Id.; Damiano Aff. Ex. B. Thus, Plaintiffs' liquidated damages recovery is limited to 10%, not ERISA's 20% maximum. So the Court awards $6,836.30 in liquidated damages.

CONCLUSION

The Clerk of the Court is directed to enter a Judgment

in Plaintiffs' favor as follows: (1) awarding Plaintiffs a default judgment; (2) awarding Plaintiffs unpaid contributions for the period of May through December 2009 in the amount of $68,363.00, plus simple interest at a 10% annual rate; (3) liquidated damages in the amount of $6,836.30; and (4) $2,740 in attorneys' fees and costs. Plaintiffs' request for injunctive relief is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May 19, 2010
       Central Islip, New York